## PEOPLE v. VAN SCIEVER.

Crim. No. 61; October 12, 1895.

### 42 Pac. 451.

**Embezzlement—Sufficiency of Evidence.**—In a Prosecution for Embezzlement of a check, the evidence showed that one T. employed defendant as a broker to obtain a loan for him; that defendant went to complainant, who agreed to make the loan, and defendant was directed by her to attend to the matter of looking after the title to the land, and taking of a mortgage thereon; that defendant found the title satisfactory; that T. made the mortgage, and gave it to defend-

ant, to be delivered to complainant on receipt of the money; that afterward she drew the check in question for the balance in favor of defendant, who cashed it, and with the proceeds paid certain of T.'s obligations; and that defendant refused to deliver to complainant the mortgage until she settled with him for his services in the matter, and for certain other services which he claimed to have rendered her. Held, that the evidence was insufficient to sustain a conviction.

APPEAL from Superior Court, Los Angeles County; B. N. Smith, Judge.

T. W. Van Sciever was convicted of embezzlement, and appeals. Reversed.

D. K. Trask, W. R. Bacon and Carter & Pierce for appellant; Attorney General Fitzgerald for the people.

VAN FLEET, J.—The defendant was charged with embezzlement in converting to his own use a bank check for $1,075, the property of one Mrs. Anderson. He appeals from the judgment and an order denying him a new trial.

But one point need be noticed. It is contended that the evidence does not support the verdict, and it is clear that it does not. One Taylor desired to procure a loan of $2,200, to be secured by a mortgage upon land owned by him in San Bernardino county, and employed defendant, as broker, to negotiate the loan, and get the money for him. Defendant went to Mrs. Anderson, for whom he had previously loaned money, and with whom he had had considerable other business, who agreed to make the loan to Taylor, and defendant was directed by her to attend to the matter of looking after the title to the land in her behalf, and the taking of the mortgage. Defendant accordingly examined the land and the title, and, finding them satisfactory, procured the due execution of the mortgage by Taylor, and the same was given by Taylor to defendant, to be delivered to Mrs. Anderson upon receipt of the money. Mrs. Anderson did not have the entire amount required on hand at the time of the execution of the mortgage, but certain sums were paid over to Taylor, through defendant, from time to time, until a balance of $1,075 remained. Subsequently Mrs. Anderson drew her check in favor of defendant for this balance, to enable him to pay the money over to Taylor. Defendant cashed the check, and with the proceeds paid certain

of Taylor's obligations. When Mrs. Anderson asked defendant for the mortgage, the possession of which he still retained, he refused to deliver it to her, until she should settle with and pay him for his services in the matter in hand, and certain other services which he claimed to have rendered her. She denied owing him anything, and, upon his further refusal to deliver the mortgage, procured him to be arrested, upon the charge of embezzling the check in question. This is the substance of the material evidence in the case, and, in our judgment, it wholly fails to establish embezzlement of the check. Defendant was the agent of both parties to the transaction. He was Taylor's agent for the procuring of the loan and the receipt of the money, and he was the agent of Mrs. Anderson in taking the mortgage. When the mortgage was executed and delivered to defendant, it was constructively delivered to Mrs. Anderson, and when the latter paid the money over to defendant it was a payment to Taylor, and the title to the check and its proceeds immediately passed from Mrs. Anderson to Taylor, and the former ceased to have any further property therein. It was, therefore, not the subject of embezzlement as her property, and the whole question as to the disposition made by defendant of the proceeds of the check, and as to his authority to make such disposition, about which a great deal of evidence was introduced into the case, was wholly immaterial. So far as Mrs. Anderson was concerned, if defendant was guilty of appropriating any property belonging to her, it was the mortgage, and not the check; but with that defendant was not charged. The judgment and order are reversed.

We concur: Harrison, J.; Garoutte, J.